THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. PHILIP E. NANNERY, EDWARD J. CRONLEY, HARRY KAY and MURRAY FISCHEL, Defendants.

Supreme Court, Special Term, New York County, April 28, 1950.

*Edward H. Levine* and *Joseph A. Solovei* for defendants.

*Frank S. Hogan, District Attorney (Jerome Kidder* of counsel), for plaintiff.

LEVY, J. Defendants move for a certificate of reasonable doubt. All four were convicted of conspiracy and extortion and received severe sentences.

This prosecution involves a fantastic tale in which the two defendant policemen, at the outset maybe innocently and maybe not, came into the situation as claimed by them, when they stopped a car which went through a red light. In the car was found a bag containing £8,400 in currency. This was a portion of a larger quantity smuggled into this country by a lady on behalf of members of her family in Britain. She and other members of her family here dipped into the approximately £100,000 without permission, but whether or not the policemen were originally innocent, substantially the claim is that they saw a good thing in this bag of currency and the claim is further made that they, together with the other two defendants, made off with £4,000 of the £8,400. The lady in question and some of the members of her family here who also were witnesses, were

obviously frauds and liars. Their claim at first was to the effect that the defendants made off with all of the £8,400.

The defendants urge the Presiding Judge interfered excessively with the conduct of the trial, the verdict is against the weight of the evidence, illegality of the requirement for waiver of immunity by the defendant police officers before the Grand Jury, insufficient evidence to establish a conspiracy or extortion, error in the receipt in evidence of prior contradictory statements, and error in charge with reference to the two lay defendants.

The defendants apparently enjoyed an otherwise unblemished record. While some difference of opinion may exist concerning the points made, such differences may not justify the relief sought.

An additional point, however, requires consideration. It is urged the District Attorney committed prejudicial error in his summation. As appears from the record, the following transpired in the course of the summation of the District Attorney:

" Scott, whose testimony is not particularly important — I have my own ideas of what happened to Scott — I think he was just afraid —.

"Mr. SOLOVEI: I object to that statement, if Your Honor pleases, I think that it is —.

" The Court: Well, of course, there is no proof in here that there was anything for him to be afraid of, on the record here.

" Mr. SOLOVEI: I ask Your Honor to instruct the jury to disregard that statement.

" The Court: They can't speculate about that."

The jury retired at 3:55 P.M. and returned to the court room at 10:57 P.M. when the following transpired:

" The Court: Ladies and gentlemen of the jury, I have received the following communication from your foreman:

" ' May we have Scott's original statement before the Assistant District Attorney or before the Grand Jury?'

" There is no such thing in evidence here, and you cannot have any new evidence introduced at this time, ladies and gentlemen.

" 'May we also hear Scott's testimony in this trial.'

" That you may have read to you. We cannot have anything, explore anything that is not in evidence.

" Read the testimony of Scott.

" (The entire testimony of Scott was then read to the jury by the stenographer)."

The jury then retired at 11:10 P.M. and returned at, 1:19 A.M. I am of the opinion that at least these circumstances relating to a witness whose testimony the District Attorney stated was unimportant, and of which the jury seemingly thought otherwise, requires favorable consideration of the application. It cannot be said with any degree of certainty that the remarks of the District Attorney concerning this unimportant witness did not result in enlargement of the importance of his testimony in the minds of the jury, or, indeed, did not implant in their minds other improper considerations. (*People* v. *Tassiello*, 300 N. Y. 425.)

The motion is granted. Settle order, at which time counsel will be heard upon the question of the amount of bail.